**DENY; and Opinion Filed April 4, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-00166-CV**

**IN RE STACY PAYNE, Relator**

**Original Proceeding from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-54982-2016**

# MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Pedersen, III

The underlying proceeding is a modification proceeding in a suit affecting the parent-child relationship initiated by the children's father. Relator is the children's mother. In this original proceeding, relator seeks a writ of mandamus ordering the trial court to vacate a July 3, 2018 temporary restraining order and August 13[1], 2018 temporary orders. Relator also complains of February 7, 2019 and February 18, 2019 verbal and written orders finding relator in contempt for violating the August 13 temporary orders. Relator does not, however, specifically ask for a writ of mandamus directing the trial court to vacate the contempt orders.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*,

---

[1] In her prayer for relief, relator asks this Court to issue a writ of mandamus ordering the trial court to render the July 3 temporary restraining order void and order "the *Temporary Orders* dated August 8, 2018 void and unenforceable." The only temporary order in the record that was signed on August 8, 2018 is a temporary restraining order sought by relator, which was dissolved on August 10, 2018. The temporary orders granting father's motion for temporary orders were signed on August 13, 2018.

148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). With limited exceptions not present here, a trial court's temporary orders in a suit affecting the parent-child relationship cannot be appealed. TEX. FAM. CODE ANN. § 105.001(e). Because temporary orders are not appealable, mandamus is an appropriate remedy when a trial court abuses its discretion involving temporary orders in a suit affecting the parent-child relationship. *In re Cooper*, 333 S.W.3d 656, 659 (Tex. App.—Dallas 2009, orig. proceeding).

Based on the record before us, we conclude relator has not shown she is entitled to the relief requested. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Bill Pedersen, III/
BILL PEDERSEN. III
JUSTICE

190166F.P05